UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| United States of America | C/A No. 6:98-3099-GRA |
| v. | |
| Aldeaner Lee Stoddard, | ORDER |
| | (Written Opinion) |
| Petitioner. | |

This matter is before this Court for a ruling on Petitioner's successive § 2255 Motion.[1]

Petitioner brings this motion *pro se*. This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied*, 439 U.S. 970 (1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *Cruz v. Beto*, 405 U.S. 319 (1972).

Relying on 28 U.S.C. § 2244(b)(3), the Fourth Circuit Court of Appeals in *United*

---

[1] Defendant filed her first § 2255 motion on October 21, 1998. This Court entered an Order dated August 3, 1999, denying the motion, and the Fourth Circuit Court of Appeals dismissed the Petitioner's appeal from that Order. In late 2004, this Court received a letter from Ms. Stoddard requesting relief of the exact nature covered by the initial § 2255 filing. Accordingly, this Court will treat the letter as a successive § 2255 motion.

*States v. Blackstock*, 340 F.3d 200, 205 (2003), stated " a prisoner seeking to file a successive application in the district court must first obtain authorization from the appropriate court of appeals." No such authorization has been obtained.

IT IS THEREFORE ORDERED that this Court DISMISSES the Petitioner's motion for relief pursuant to 28 U.S.C. § 2255 based on the grounds that it is a second or successive petition.

IT IS SO ORDERED.

S/ G. Ross Anderson, Jr.
G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

Anderson, South Carolina

May  10 , 2005.

### NOTICE OF RIGHT TO APPEAL

Plaintiff is hereby notified that she has the right to appeal this Order within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure. Failure to meet this deadline, as modified within Rule 4, will waive the right to appeal.